IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sona Technologies, LLC, *et al.*, | : | |
| Plaintiffs, | : | Civil Action 2:08-cv-468 |
| v. | : | |
| Al Barber, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' motion for a default judgment (Doc. 161) against Defendants Orbitek, Inc., Al Barber ("Barber"), and NexGen Bio Energy, Ltd. ("NexGen") pursuant to Fed. R. Civ. P. 55(b)(2).

As the Court stated in its order of July 7, 2011, it has no jurisdiction to hear claims against bankrupt defendant Orbitek, Inc. Plaintiffs' motion is accordingly moot with respect to Orbitek.

Plaintiffs brought claims against Defendants Al Barber and NexGen Bio Energy, Ltd. for fraud, negligent misrepresentation, breach of contract, conversion, deceptive trade practices, violations of the Ohio Business Opportunity Plans Act, O.R.C. §1334.01 *et seq.*, and violations of Ohio securities law, O.R.C. §1707.01 *et seq.* (Doc. 36.) On March 7, 2011, the Court ordered the Clerk of Court to enter a default against Defendant NexGen for failure to retain counsel. On April 14, 2011,

1

the Court ordered the Clerk of Court to enter default against Defendant Al Barber for failure to follow orders of the Court.

The plaintiffs have now filed a motion requesting that the Court enter default judgment against Barber and NexGen in the amount of $350,000, jointly and severally. According to Plaintiffs, pursuant to their contract with NexGen they wired $350,000 to Al Barber to be sent to Orbitek to begin construction of a biodiesel production unit ("BPU"). Barber instead sent only $200,000 to Orbitek, and converted the other $150,000 for his own personal use. The Court, in an opinion since vacated, found that Orbitek was liable to Plaintiffs for unjust enrichment in the amount of $200,000, in part because it should not have used the partial funds it received from Barber to begin building the BPU instead of waiting to receive the full amount of the down payment.

Plaintiffs have not specified exactly what claim or claims they allege entitle them to a judgment against Barber and NexGen for the entire $350,000 of their investment. They brought, as noted above, a multiplicity of common-law and statutory claims. However, for example, violation of the Ohio Business Opportunity Plans Act entitles the purchaser to rescission of the transaction and three times the amount of actual damages. O.R.C. §1334.09(A). Barber and NexGen, having failed to defend this action, have not put forward any arguments why the measure of Plaintiffs' damages should not be their entire loss occasioned by entering into a contract with NexGen, or should be offset by any funds recovered from other defendants or for which Orbitek might be liable. Accordingly, the Court will accept,

and enter judgment in, the amount of damages asserted by Plaintiffs.

Consequently, the Clerk of Court is **ORDERED** to enter judgment by default against Defendants Al Barber and NexGen Bio Energy Ltd., jointly and severally, in the amount of $350,000.00.

It appearing that all defendants in this action have either had judgment entered against them, been dismissed, or been stayed due to bankruptcy, Plaintiffs are **DIRECTED** to, if they do not wish this case closed automatically, **SHOW CAUSE** within fourteen (14) days of the date of entry of this Order why this case should not be closed.

**IT IS SO ORDERED**.

s/Mark R. Abel
United States Magistrate Judge

3