IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SONA TECHNOLOGIES, LLC, *et al.*     :

        Plaintiff                :      Civil Action 2:08-cv-468

v.                                       :

AL BARBER, *et al.*               :      Magistrate Judge Abel

        Defendants.          :

**ORDER**

This matter is before the Court pursuant to Plaintiffs' "Motion to Transfer" (Doc. 173). This motion states:

> Now comes the Plaintiff, by and through undersigned counsel, and pursuant to Civ.R 3(C)(3) hereby moves this Honorable Court for an Order transferring the within case against Defendant(s)
>
> Al Barber
> Nexgen Bio Energy Ltd.
>
> to the Franklin County Common Pleas in Franklin County, Ohio, wherein proper territorial jurisdiction and venue lies. As grounds for this motion, Plaintiff has discovered that service was obtained on the Defendant(s) at an address which is in the jurisdiction of the Franklin County Common Pleas, Franklin County, Ohio.

The relief Plaintiffs request is unclear. They cite Rule 3(C)(3) of the Ohio Rules of Civil Procedure, which states in part:

> Before entering a default judgment in an action in which the defendant has not appeared, the court, if it finds that the action has been commenced in a county other than stated to be proper in division (B) of this rule, may transfer the action to a county that is proper.

1

However, this action is not venued in any Ohio court of common pleas, and has not been since it was removed to this court on May 15, 2008.  Furthermore, this court has already entered a default judgment against the two stated defendants (Doc. 164).  Those defendants did, in fact, appear and respond to the complaint (Doc. 15), although the Court later found that they were in default for failure to abide by its directives (Docs. 144, 155).

To the extent that Plaintiffs request that this case, which is now pending in federal court, be returned to the Court of Common Pleas of Franklin County whence it was removed, they have filed a motion to remand.  However, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal".  28 U.S.C. §1447(c).  Such motion would be untimely, especially where final judgment in favor of the plaintiffs has already been entered.

The motion (Doc. 173) is **DENIED**.  Counsel's attention is further directed to S.D. Ohio Civ. R. 83.4(a), which requires that all parties must be represented by a member of the bar of this Court.

The Clerk of Court is **DIRECTED** to mail a copy of this order to Robert N. Lurie, Esq., Javitch, Block & Rathbone, LLC, 1110 Superior Ave., 19th Floor, Cleveland, Ohio 44144-2518.

    s/Mark R. Abel
    United States Magistrate Judge